UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BARRY CARLTON CLARDY,

    Plaintiff,

v.                                                      Case No. 09-14487

DAVID BICIGO,

    Defendant,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

    Plaintiff Barry Carlton Clardy, a state inmate currently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, filed a pro se civil rights complaint, pursuant to 42 U.S.C. § 1983. The court granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his pro se complaint, Plaintiff names David Bicigo, a laboratory manager employed by the Michigan State Police Forensic Division, as the defendant. For relief, Plaintiff seeks monetary damages. Having reviewed the complaint, the court dismisses it for failure to state a claim upon which relief may be granted.

    Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The court is similarly required to dismiss a complaint

seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A pro se complaint is not viewed in the same light as one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) ("[W]e hold [the pro se complaint] to less stringent standards than formal pleadings drafted by lawyers . . . ."); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) ("[A]llegations of a complaint drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a pro se complaint will be liberally construed in determining whether it fails to state a claim upon which relief can be granted."); *cf. McNeil v. United States*, 508 U.S. 106, 113 (1993) ([F]ederal courts "have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Taking fully into account the less stringent pleading standard regularly accorded pro se plaintiffs, the court finds nonetheless that Plaintiff's complaint must be dismissed.

Plaintiff's complaint is subject to dismissal because he challenges his continued imprisonment, which fails to state a claim upon which relief may be granted under 42

2

U.S.C. § 1983.  A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of his continued confinement.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254).  This holds true regardless of the relief sought by the plaintiff.  *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Plaintiff appears to be arguing that the Defendant planted DNA evidence "to cover up the fact that another laboratory worker had filed false reports."  (Compl. 3.)  On that basis, Plaintiff contends he has been incarcerated in violation of his constitutional rights.

Considering Plaintiff's statement of facts as stated, the court concludes that he is challenging the validity of his continued confinement.  Plaintiff has thus failed to state any claim upon which relief may be granted under 42 U.S.C. § 1983; his claim is barred

by *Heck* and must be dismissed. Accordingly,

    IT IS ORDERED that the complaint is DISMISSED.

                                     s/Robert H. Cleland
                                    ROBERT H. CLELAND
                                    UNITED STATES DISTRICT JUDGE

Dated: November 30, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 30, 2009, by electronic and/or ordinary mail.

                                     s/Lisa Wagner
                                    Case Manager and Deputy Clerk
                                    (313) 234-5522